13-1281-cv
AMC Entm't v. Entretenimiento GM de Mexico S.A. de CV

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand fourteen.

PRESENT:    RALPH K. WINTER,
            GUIDO CALABRESI,
            REENA RAGGI,
                        *Circuit Judges*.

---------------------------------------------------------------------

AMC ENTERTAINMENT, LCE ACQUISITION SUB, INC., and LCE MEXICAN HOLDINGS, INC.,

*Plaintiffs-Counter-Defendants*
*-Appellees*,

LCE LUX HOLDCO S.A.R.L., as successor in interest to AMC NETHERLANDS HOLDCO B.V., and AMC EUROPE S.A.,

*Plaintiffs*,

v.                                                    No. 13-1281-cv

ENTRETENIMIENTO GM DE MEXICO S.A. DE C.V.,

*Defendant-Counter-Claimant-*
*Appellant.*\*

---------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the official caption as shown above.

APPEARING FOR APPELLANT:    KATHLEEN N. MASSEY (Hector Gonzalez, Mauricio A. España, *on the brief*), Dechert LLP, New York, New York.

APPEARING FOR APPELLEES:    BERNARD J. RHODES, Esq. Kansas City, Missouri.

Appeal from an order of the United States District Court for the Southern District of New York (William H. Pauley, III, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on April 8, 2013, is AFFIRMED.

Defendant Entretenimiento GM de Mexico S.A de C.V. ("Entretenimiento") filed this interlocutory appeal from an order denying its motion to compel arbitration, see 9 U.S.C. § 16(a)(1)(C), arguing that the district court erroneously concluded that certain of plaintiffs' claims are not subject to a narrow arbitration clause. In reviewing this decision de novo, see Parisi v. Goldman, Sachs & Co., 710 F.3d 483, 486 (2d Cir. 2013), we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

The Federal Arbitration Act, 9 U.S.C. § 1, et seq., "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." Preston v. Ferrer, 552 U.S. 346, 349 (2008). Thus, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Howsam v. Dean Witter Reynolds, 537 U.S. 79, 83 (2002) (internal quotation marks omitted).

2

Where the relevant arbitration clause is narrow, i.e., it applies only to a subset of contractual disagreements, only disputes that are "on [their] face within the purview of the clause" are subject to arbitration. Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 224 (2d Cir. 2001) (internal quotation marks omitted). Because of the strong federal policy favoring arbitration, however, "doubts as to whether a claim falls within the scope of the agreement should be resolved in favor of arbitrability." Denney v. BDO Seidman, L.L.P., 412 F.3d 58, 68–69 (2d Cir. 2005) (internal quotation marks and alterations omitted).

Here, the narrow arbitration clause of Stock Purchase Agreement ("SPA") § 11.3(d) governs disputes over the "Straddle Period Tax Calculation," defined as Entretenimiento's pre-closing proposed calculation of the parties' allocable share of taxes incurred by Cinemex for the period encompassing the closing date, including any applicable credits or refunds. Absent plaintiffs' objection, this proposal became binding. If plaintiffs contested the Straddle Period Tax Calculation, whether through a formal "Notice of Objection or otherwise," an independent accountant was to resolve the dispute through binding arbitration. SPA § 11.3(d), J.A. 69.

It is undisputed that Entretenimiento never provided the draft calculation proposal required by the SPA. Without any proposal, there was no Straddle Period Tax Calculation to which plaintiffs could have objected. And absent a Straddle Period Tax Calculation, the arbitration clause governing that term cannot apply. See Louis Dreyfus Negoce S.A.

3

v. Blystad Shipping & Trading Inc., 252 F.3d at 224.

This interpretation does not, as Entretenimiento contends, render the words "or otherwise" in SPA § 11.3(d) superfluous. See ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co., 564 F.3d 81, 88 (2d Cir. 2009) ("Under New York law, an interpretation of a contract that has the effect of rendering at least once clause superfluous or meaningless is not preferred and will be avoided if possible[.]" (internal quotation marks and alterations omitted)). Rather, those words encompass any protestations plaintiffs might have raised to Entretenimiento's proposed calculations outside the formal Notice of Objection process. But whether by "Notice of Objection or otherwise," a protest must be to a proposed calculation to fall within the parties' arbitration agreement.

Under SPA § 11.3(f), which is not covered by an arbitration clause, Entretenimiento was, in any event, required to distribute to plaintiffs any post-closing tax refund or credit attributable to Cinemex's pre-closing operations. Insofar as plaintiffs sue for breach of this contractual obligation, the district court therefore properly denied Entretenimiento's motion to compel arbitration. See Howsam v. Dean Witter Reynolds, 537 U.S. at 83.

Our ruling renders moot Entretenimiento's request that we vacate and remand to the district court with instructions to reconsider the motion to compel because it purportedly misstated the applicable legal standard. See Giovanniello v. ALM Media, Inc., 726 F.3d 106, 109 (2d Cir. 2013) ("We are free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied."

4

(internal quotation marks omitted)). Vacatur and remand for reconsideration after discovery is also unwarranted because the parties do not dispute that they agreed to arbitrate, only the legal scope of that agreement, a matter that can be decided without further discovery. Cf. Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 779–80 (3d Cir. 2013) (remanding for district court to consider "the factual question of whether [the plaintiff] was aware of the arbitration clause").

Insofar as Entretenimiento contends that plaintiffs should be judicially estopped from contesting Entretenimiento's calculation of its tax liability, we decline to entertain that argument in advance of the district court. See Bessemer Tr. Co. v. Branin, 675 F.3d 130, 137 (2d Cir. 2012) (permitting district court first to decide disputed issue).

We have considered defendant's remaining arguments and conclude that they are without merit. We therefore AFFIRM the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court