Jay HORENSTEIN; Kevin Washington, individually and on behalf of all persons similarly situated, Plaintiffs–Appellants,

v.

MORTGAGE MARKET, INC., an Oregon corporation; Marty Francis, Defendants–Appellees.

No. 99–36125.

D.C. No. CV–98–01104–ALA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 13, 2000.

Submission Vacated Dec. 15, 2000.

Submitted May 3, 2001.

Decided May 10, 2001.

Before FERGUSON, KLEINFELD and HAWKINS, Circuit Judges.

## MEMORANDUM *

The Federal Arbitration Act ("FAA") applies to this case, *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001), and Section 16 of the FAA governs our jurisdiction. When a district court "has ordered the parties to proceed to arbitration, and dismissed all the claims before it, that decision is 'final' within the meaning of 16(a)(3), and therefore appealable." *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 521, 148 L.Ed.2d 373 (2000).

Appellants' argument that because the Arbitration Agreements specifically superseded all prior agreements, thus voiding the arbitration clause in their Employment Agreements, fails. The district court pre-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

viously invalidated the Arbitration Agreements in their entirety, which appellants do not challenge. The appellants accordingly cannot rely on the invalidated supersession clause in this appeal. Moreover, we agree with the district court that it is inappropriate "to interpret the contract language in a manner contrary to the obvious intent of the parties that some type of arbitration apply."

We also reject appellants' contention that the Arbitration Agreements and the Employment Agreements were elements of one intertwined scheme, such that the arbitration clause should be struck under *Graham Oil Co. v. ARCO Products Co.*, 43 F.3d 1244 (9th Cir.1994). The arbitration clause invalidated in *Graham Oil* was a "highly integrated unit" that represented "an integrated scheme to contravene public policy." *Id.* at 1249. The district court here voided the entire Arbitration Agreements, not merely the offensive provisions, specifically relying on *Graham Oil*'s "integrated scheme" theory. The district court, however, properly refused to extend *Graham Oil* to the arbitration clause in the separate Employment Agreements. In *Graham Oil*, there was only one arbitration clause, a clause pervaded with illegality. Here there are two separate agreements, one of which is pervaded with illegality; the other, standing alone, is a standard and inoffensive arbitration provision.

Appellants' contention that the arbitration clause in the Employment Agreements may not be enforced because it eliminates their statutory right to a collective action, is insufficient to render an arbitration clause unenforceable. *See Johnson v. West Suburban Bank*, 225 F.3d 366, 370–71 (3d Cir.2000) (burden of establishing that Congress meant to preclude arbitration for a statutory claim rests on party seeking to avoid arbitration) (*citing Gilmer v. Interstate/Johnson Lane Corp.*,

500 U.S. 20, 26, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991)). While intent to preclude arbitration of a statutory claim may be found in the text of the statute, its legislative history, or in an inherent conflict between arbitration and the statute's underlying purposes, *id.* at 371, there is nothing in the text, and plaintiffs have shown nothing in the legislative history, indicating that Congress intended to preclude arbitration of FLSA claims. Although plaintiffs who sign arbitration agreements lack the procedural right to proceed as a class, they nonetheless retain all substantive rights under the statute. *Id.* at 373. "Only those who consent to [ ] agreements with binding arbitration clauses are forced to abandon [a class action]; those who do not consent to arbitration in their contracts have the full selection of forums." *Id.* at 378 (discussing *Gilmer*). The appellants here knowingly signed an agreement to arbitrate their statutory claims; accordingly, they abandoned their right to enforce those claims as part of a class action.

The appellants' FLSA claims are subject to arbitration. *See Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir.1996). The appellants' state law claims are also subject to arbitration. Oregon law contains a provision substantially identical to the FAA stating that arbitration agreements shall be "valid, irrevocable, and enforcible." *Or.Rev.Stat.* § 36.305. Appellants have pointed to no authority that claims founded in state statute are exempt from this rule.

AFFIRMED.