12-304-cv
*Sutherland v. Ernst & Young LLP*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2012

(Argued: March 20, 2013)                    Decided: August 9, 2013)

Docket No. 12-304-cv

———————————————————

STEPHANIE SUTHERLAND, on behalf of herself and
all others similarly situated,

*Plaintiff-Appellee*,

v.

ERNST & YOUNG LLP,

*Defendant-Appellant.*

———————————————————

Before: WINTER, CABRANES, and STRAUB, *Circuit Judges*:

Defendant-appellant Ernst & Young ("E&Y") appeals from an order of the United States

District Court for the Southern District of New York (Kimba M. Wood, *Judge*) denying its Rule

12(b)(1) motion to dismiss or stay the proceedings, and to compel arbitration pursuant to the

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* E&Y seeks to dismiss or stay this putative class action

brought by its former employee, Stephanie Sutherland, on behalf of herself and others similarly

situated to recover "overtime" wages pursuant to the Fair Labor Standards Act of 1938 ("FLSA"),

29 U.S.C. § 201, *et seq.*, and the New York Department of Labor's Minimum Wage Order, N.Y.

Comp. Codes R. & Regs. tit. 12, § 142-2.2, promulgated pursuant to the New York Labor Law

("NYLL") § 650, *et seq.*

The District Court denied E&Y's motion to compel arbitration because it found that the underlying class-action waiver provision in the arbitration agreement between E&Y and Sutherland was unenforceable pursuant to our decision in *In re American Express Merchants' Litigation*, 554 F.3d 300 (2d Cir. 2009) ("*Amex I*"). In that case, we invalidated a class-action waiver provision in an arbitration agreement because (1) the plaintiffs had shown that "they would incur prohibitive costs if compelled to arbitrate under the class action waiver," and (2) enforcing the arbitration agreement would "deprive them of substantive rights under the federal antitrust statutes." *Id.* at 315-16. But *Amex I* and the subsequent decisions that followed in our Circuit are no longer good law in light of the Supreme Court's recent decision in *American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304 (2013), which held that plaintiffs could not invalidate a waiver of class arbitration under the so-called "effective vindication doctrine" by showing that "they ha[d] no economic incentive to pursue their antitrust claims individually in arbitration." *Id.* at 2310; *see id.* at 2311 ("But the fact that it is not worth the expense involved in *proving* a statutory remedy does not constitute the elimination of the *right to pursue* that remedy.").

Because *Italian Colors* abrogated the District Court's basis for invaliding the class-action waiver provision in this case, we conclude that the District Court erred in denying E&Y's motion to compel arbitration. Accordingly, we reverse the District Court's March 3, 2011 order and remand the cause for further proceedings consistent with this opinion.

REX S. HEINKE (Gregory W. Knopp, Katharine J. Galston, Daniel L. Nash, *on the brief*), Akin Gump Strauss Hauer & Feld LLP, Los Angeles, CA and Washington, DC, *for Defendant-Appellant Ernst & Young LLP.*

MAX FOLKENFLIK (H. Tim Hoffman, Arthur W. Lazear, Ross L. Libenson, Hoffman & Lazear, Oakland, CA, *on the brief*), Folkenflik & McGerity, New York, NY, *for Plaintiff-Appellee Stephanie Sutherland.*

P. David Lopez, Lorraine C. Davis, Daniel T. Vail, Paul D. Ramshaw, Equal Employment Opportunity Commission, Office of General Counsel, Washington, DC, *for Amicus Curiae U.S. Equal Employment Opportunity Commission.*

M. Patricia Smith, Steven J. Mandel, Paul L. Frieden, Edward D. Sieger, Dean A. Romhilt, United States Department of Labor, Office of the Solicitor, Washington, DC, *for Amicus Curiae United States Department of Labor.*

Dan C. Getman, Michael J.D. Sweeney, Lesley Tse, Getman & Sweeney PLLC, New Paltz, NY; Rebecca M. Hamburg, National Employment Lawyers Association, San Francisco, CA, *for Amici Curiae National Employment Lawyers Association, the National Employment Law Project, The Employee Rights Advocacy Institute for Law & Policy.*

PER CURIAM:

The question presented in this appeal is whether an employee can invalidate a class-action waiver provision in an arbitration agreement when that waiver removes the financial incentive for her to pursue a claim under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* In light of the supervening decision of the Supreme Court in *American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304 (2013), we answer that question in the negative, and reverse the contrary decision of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

Defendant-appellant Ernst & Young ("E&Y") appeals from an order of the District Court denying its Rule 12(b)(1) motion to dismiss or stay the proceedings, and to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* E&Y seeks to dismiss or stay this putative class action brought by its former employee, Stephanie Sutherland, on behalf of herself and others similarly situated to recover "overtime" wages pursuant to the FLSA, and the New York

Department of Labor's Minimum Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2, promulgated pursuant to the New York Labor Law ("NYLL") § 650, *et seq.*[1]

The District Court denied E&Y's motion to compel arbitration because it found that the underlying class-action waiver provision in the arbitration agreement between E&Y and Sutherland was unenforceable pursuant to our decision in *In re American Express Merchants' Litigation*, 554 F.3d 300 (2d Cir. 2009) ("*Amex I*"). In that case, we invalidated a class-action waiver provision in an arbitration agreement because (1) the plaintiffs had shown that "they would incur prohibitive costs if compelled to arbitrate under the class action waiver," and (2) enforcing the arbitration agreement would "deprive them of substantive rights under the federal antitrust statutes." *Id.* at 315-16. But *Amex I* and the subsequent decisions that followed in our Circuit are no longer good law[2] in light of the Supreme Court's recent decision in *American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304 (2013), which held that plaintiffs could not invalidate a waiver of class arbitration under the so-called "effective vindication doctrine" by showing that "they ha[d] no economic incentive to pursue their antitrust claims individually in arbitration." *Id.* at 2310; *see id.* at 2311 ("But the fact that it is

---

[1] In declining to compel arbitration, the District Court did not distinguish between Sutherland's federal and state law claims. We need not address Sutherland's NYLL claim in this opinion because, in light of our conclusion that Sutherland's FLSA claim must proceed collectively in arbitration pursuant to the Federal Arbitration Act, so too must her NYLL claim. *See AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1753 (2011).

[2] After we decided *Amex I*, the Supreme Court vacated our decision and remanded the case to us in light of its subsequent decision in *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 130 S. Ct. 1758, 1775 (2010) (holding that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so."). *See Am. Express Co. v. Italian Colors Rest.*, 130 S. Ct. 2401 (2010) (Mem.). On remand, we adhered to our original conclusions in *Amex I* but placed a hold on the mandate to allow American Express to file a petition for a writ of certiorari. *In re Am. Express Merchants' Litig.*, 634 F.3d 187 (2d Cir. 2011) ("*Amex II*"). While the mandate was on hold, the Supreme Court decided *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), in which the Supreme Court held that the Federal Arbitration Act preempted a California judicial rule barring as unconscionable the enforcement of class-action waivers in consumer contracts.

Upon a panel rehearing of *Amex II*, we held that *Concepcion* did not alter our analysis and again adhered to our *Amex I* decision. *In re Am. Express Merchants' Litig.*, 667 F.3d 204 (2d Cir. 2012) ("*Amex III*"). We declined to review *Amex III* en banc on May 29, 2012. *See In re Am. Express Merchants' Litig.*, 681 F.3d 139 (2d Cir. 2012) (order denying *en banc* review). On November 9, 2012, the Supreme Court granted certiorari to review *Amex III*, *see Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 594 (2012) (Mem.), and on June 20, 2013, the Court reversed our decision in *Amex III*, *see Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2312 (2013). That final decision of the Supreme Court dictates the outcome here.

not worth the expense involved in *proving* a statutory remedy does not constitute the elimination of the *right to pursue* that remedy.").

Because *Italian Colors* abrogated the District Court's basis for invaliding the class-action waiver provision in this case, we conclude that the District Court erred in denying E&Y's motion to compel arbitration. Accordingly, we reverse the District Court's March 3, 2011 order and remand the cause for further proceedings consistent with this opinion.

## BACKGROUND

Sutherland was employed by E&Y from September 2008 through December 2009. During her tenure at E&Y, she worked as a "Staff 1" and later as a "Staff 2" audit employee. Most of her responsibilities involved "pre-professional training" and "low level clerical work." Joint App'x 23. Sutherland was compensated by E&Y on a "salary only" basis, which meant that she was paid a fixed salary of $55,000 per year, regardless of how many hours she worked. As relevant here, because Sutherland was a "salary only" employee, she did not receive any additional compensation for working "overtime"—*i.e.*, more than 40 hours per week. *Id.* at 234. Sutherland alleges that she "regularly worked in excess of 40 hours in a work week, often 45 to 50 hours in one week." *Id.* at 23.

When Sutherland accepted her offer of employment with E&Y, she signed a so-called offer letter. That offer letter stated, *inter alia*, that "if an employment related dispute arises between you and the firm, it will be subject to mandatory mediation/arbitration under the terms of the firm's alternative dispute resolution program, known as the Common Ground Program, a copy of which is attached." *Id.* at 38 (emphasis omitted). Sutherland also signed a confidentiality agreement, which listed the terms of the "Alternative Dispute Resolution" policy and stated:

> I further agree that any dispute, controversy or claim (as defined in the E&Y Common Ground Dispute Resolution Program (AA7521) attached) arising between myself and the Firm will be submitted first to mediation and, if mediation is unsuccessful, then to binding arbitration in accordance with the terms and

5

conditions set forth in AA7521, which describes the Firm's Common Ground Dispute Resolution Program. I acknowledge that I have read and understand the E&Y Common Ground Dispute Resolution Program (AA7521) and that I shall abide by it.

*Id.* at 44.

As noted, a copy of the E&Y Common Ground Dispute Resolution Program ("Arbitration Agreement") was attached to the offer letter and the confidentiality agreement. As relevant here, the Arbitration Agreement specifically states that "[c]laims based on federal statutes such as . . . the Fair Labor Standards Act," "[c]laims based on state statutes and local ordinances, including state and local anti-discrimination laws," and "[c]laims concerning wages, salary, and incentive compensation programs" are subject to the terms of the Arbitration Agreement. *Id.* at 47. The terms of the Arbitration Agreement also include the following two relevant provisions: (1) "Neither the Firm nor an Employee will be able to sue in court in connection with a Covered Dispute," *id.* (emphasis omitted); and (2) "Covered Disputes pertaining to different [e]mployees will be heard in separate proceedings," *id.* at 59.[3]

Despite the terms of the Arbitration Agreement, which the parties agree bars both civil lawsuits and "any class or collective proceedings in the arbitration," Sutherland's Br. 11, Sutherland filed this putative class action against E&Y to recover, *inter alia*, 151.5 hours of unpaid overtime wages, amounting to $1,867.02. In particular, Sutherland claimed that E&Y had wrongfully classified her as "exempt" from the overtime requirements of the FLSA and the NYLL.

After Sutherland filed her putative class action, E&Y filed a motion to dismiss, or stay the proceedings, and to compel arbitration of Sutherland's claims on an *individual* basis in accordance

---

[3] The E&Y Common Ground Dispute Resolution Program also provided that: (1) the "Arbitrator fees and other costs of the arbitration . . . [shall] be shared equally to the extent permitted by law and the Arbitration Rules," and (2) "[e]ach party will be responsible for the party's own attorney's fees and related expenses, but the Arbitrator will have authority to provide for reimbursement of the Employee's attorney's fees, in whole or part, in accordance with applicable law or in the interest of justice." Joint App'x 52.

with the terms of the Arbitration Agreement. Sutherland responded by arguing that the entire provision requiring individual arbitration was unenforceable because the requirement that she arbitrate her claims individually, rather than collectively, prevented her from "effectively vindicating" her rights under the FLSA and the NYLL. In particular, she argued that the costs and fees associated with prosecuting her claims on an individual basis would dwarf her potential recovery of less than $2,000.[4] In support of this argument, Sutherland filed an uncontested estimate that her attorney's fees during arbitration would be $160,000 and that her costs would exceed $6,000. She also claimed that expert testimony would be necessary and would cost at least $25,000. In sum, she argued that to "effectively vindicate" her claims in an individual arbitration, she would be required to expend approximately $200,000 to recover less than $2,000.

The District Court was persuaded by Sutherland's arguments and, on March 3, 2011, denied E&Y's motion to dismiss, or stay the proceedings, and to compel arbitration on an individual basis. In doing so, the District Court relied in large part on our analysis in *Amex I*, 554 F.3d 300, which invalidated a provision barring class actions in the antitrust context where plaintiffs demonstrated that they would be unable to vindicate their statutory rights if that provision was enforced. *See Sutherland v. Ernst & Young LLP*, 768 F. Supp. 2d 547, 549 (S.D.N.Y. 2011). Specifically, the District Court stated that "[e]nforcement of the class waiver provision in this case would effectively ban all proceedings by Sutherland against E&Y," *id.* at 554, because of the nature of her "low-value, high-cost claim," *id.* at 552.

On March 31, 2011, E&Y moved for reconsideration of the District Court's March 3, 2011 order in light of the Supreme Court's subsequent decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). The District Court denied that motion on January 17, 2012, concluding, *inter alia*,

---

[4] E&Y stipulated before the District Court that Sutherland "is entitled to recover in arbitration any fees and costs that she could recover in court if she prevails on her claims." Joint App'x 231-32.

7

that "Sutherland, unlike the [plaintiffs in *Concepcion*], is not able to vindicate her rights absent a collective action." *Sutherland v. Ernst & Young LLP*, 847 F. Supp. 2d 528, 535 (S.D.N.Y. 2012).

This appeal now presents the following question: May an employee invalidate a class-action waiver provision in an arbitration agreement when that waiver removes the financial incentive for her to pursue her FLSA claim?

## DISCUSSION

### A. Standard of Review

We have jurisdiction over this appeal because the Federal Arbitration Act ("FAA") authorizes interlocutory appeals from denials of motions to compel arbitration. *See* 9 U.S.C. § 16(a)(1)(A)-(B). "We review *de novo* a district court's refusal to compel arbitration." *Parisi v. Goldman, Sachs & Co.*, 710 F.3d 483, 486 (2d Cir. 2013).

### B. The Class Action Waiver Must Be Enforced

The FAA, which was "enacted in 1925 in response to judicial hostility to arbitration agreements," *Concepcion*, 131 S. Ct. at 1745, provides that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. In analyzing this provision of the FAA, the Supreme Court has remarked on several occasions that it establishes "'a liberal federal policy favoring arbitration agreements,'" *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)), and that arbitration agreements should be enforced according to their terms "unless the FAA's mandate has been 'overridden by a contrary congressional command,'" *id.* (quoting *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 226 (1987)). In *American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304 (2013), the Court recently reminded lower courts to

8

"rigorously enforce arbitration agreements according to their terms, including terms that specify *with whom* [the parties] choose to arbitrate their disputes, and the rules under which that arbitration will be conducted." *Id.* at 2309 (internal quotation marks and citations omitted; emphasis and brackets in original).

Consistent with the Supreme Court's recent analysis in *Italian Colors*, we first consider whether the FLSA contains a "contrary congressional command" barring waivers of class arbitration. Because no "contrary congressional command" exists, we then proceed to analyze Sutherland's argument that she cannot "effectively vindicate" her rights in an individual arbitration, inasmuch as such a proceeding would be "prohibitively expensive."

### i. The FLSA Does Not Contain a "Contrary Congressional Command"

As in the antitrust context, "[n]o contrary congressional command requires us to reject the waiver of class arbitration" in the FLSA context. *Id.* Although we have not directly or specifically addressed whether an employee's ability to proceed collectively under the FLSA can be waived in an arbitration agreement, every Court of Appeals to have considered this issue has concluded that the FLSA does not preclude the waiver of collective action claims. *See Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1055 (8th Cir. 2013); *Carter v. Countryside Credit Indus., Inc.*, 362 F.3d 294, 298 (5th Cir. 2004); *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (4th Cir. 2002).[5] We agree with this consensus among our sister Circuits for multiple reasons.

First, the text of the FLSA does not "'envinc[e] an intention to preclude a waiver' of class-action procedure." *Italian Colors*, 133 S. Ct. at 2309 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-*

---

[5] All but one district court in this Circuit has reached the same conclusion. *See, e.g.*, *Dixon v. NBCUniversal Media, LLC*, --- F. Supp. 2d ----, 2013 WL 2355521, at *9-11 (S.D.N.Y. 2013); *Ryan v. JPMorgan Chase & Co.*, --- F. Supp. 2d. ----, 2013 WL 646388, at *4 (S.D.N.Y. 2013); *Torres v. United Healthcare Servs., Inc.*, --- F. Supp. 2d ----, 2013 WL 387922, at *4 & n.2 (E.D.N.Y. 2013). *But see Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 311 (S.D.N.Y. 2011). At least two district courts outside of this Circuit have been also been summarily affirmed on this point of law. *See Vilches v. Travelers Co.*, 413 F. App'x 487, 494 n.4 (3d Cir. 2011) (non-precedential summary order); *Horenstein v. Mortg. Market, Inc.*, 9 F. App'x 618, 619 (9th Cir. 2001) (non-precedential summary order).

*Plymouth, Inc.*, 473 U.S. 614, 628 (1985) (alteration in original)). Sutherland argues to the contrary, asserting that Section 16(b) of the FLSA creates a "right" to bring a collective action because the statute provides that "[a]n action to recover the liability . . . may be maintained against any employer . . . in any Federal or State Court of competent jurisdiction by any *one or more employees for and in behalf of himself or themselves or other employees similarly situated*," 29 U.S.C. § 216(b) (emphasis supplied). *See* Sutherland Br. 43. But Sutherland's argument neglects the fact that § 216(b) also requires an employee with a FLSA claim to affirmatively opt-in to any collective action. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). As the Eighth Circuit noted in *Owen*, "[e]ven assuming Congress intended to create some 'right' to class actions, if an employee must affirmatively opt in to any such class action, surely the employee has the power to waive participation in a class action as well."[6] 702 F.3d at 1052-53.

Second, Supreme Court precedents inexorably lead to the conclusion that the waiver of collective action claims is permissible in the FLSA context. In *Concepcion*, the Court held that the FAA preempted a California judicial rule regarding the unconscionability of class arbitration waivers in consumer contracts because "[r]equiring the availability of classwide arbitration [would] interfere[ ] with fundamental attributes of arbitration and thus create[ ] a scheme inconsistent with the FAA." 131 S. Ct. at 1748. Moreover, in *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991), the Court upheld the waiver of a collective action provision in the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq. Gilmer*, 500 U.S. at 32. In doing so, the Court

---

[6] Our conclusion that nothing in the text of the FLSA prevents an employee from waiving his or her ability to proceed collectively under the FLSA is reinforced by our earlier decision referring to the FLSA collective action "right" as a "procedural mechanism[ ]." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 244 (2d Cir. 2011). We have previously explained that the procedural "right" to proceed collectively presupposes, and does not create, a non-waivable, substantive right to bring such a claim." *See Parisi*, 710 F.3d at 488. Indeed, as the Supreme Court noted in *Italian Colors*, "[o]ne might respond, perhaps, that federal law secures a nonwaivable *opportunity* to vindicate federal policies by satisfying the procedural strictures of Rule 23 or invoking some other informal class mechanism in arbitration. But we have already rejected that proposition . . . ." 133 S. Ct. at 2310 (citing *Concepcion*, 131 S. Ct. at 1748).

noted that "even if the arbitration could not go forward as a class action or class relief could not be granted by the arbitrator, the fact that the [ADEA] provides for the possibility of bringing a collective action does not mean that individual attempts at conciliation were intended to be barred." *Id.* (internal quotation marks omitted; alteration in original)).[7]

For these reasons, the FLSA does not include a "contrary congressional command" that prevents the underlying arbitration agreement from being enforced by its terms.[8]

### ii. Sutherland Is Not Prevented from Effectively Vindicating Her Rights by Pursuing Arbitration on an Individual Basis

"Our finding of no 'contrary congressional command' does not end the case" because Sutherland invokes the "judge-made" exception to the FAA which "allow[s] courts to invalidate agreements that prevent the 'effective vindication' of a federal statutory right."[9] *Italian Colors*, 133 S. Ct. at 2310. In particular, Sutherland argues that pursuing individual arbitration would be

---

[7] Although Sutherland asks us to limit the scope of *Gilmer*, *see* Sutherland Br. 51-52, we see no valid basis upon which to do so, especially considering that the Supreme Court referred to *Gilmer* with approval in *Italian Colors*, noting that "[i]n *Gilmer*, we had no qualms in enforcing a class waiver in an arbitration agreement even though the federal statute at issue, the [ADEA], expressly permitted collective actions. We said that statutory permission did 'not mean that individual attempts at conciliation were intended to be barred.'" *Italian Colors*, 133 S. Ct. at 2311 (quoting *Gilmer*, 500 U.S. at 32) (citations omitted).

[8] One of Sutherland's alternative arguments for affirming the District Court is that the National Labor Relations Board, in *In re D.R. Horton, Inc.*, 357 NLRB No. 184 (Jan 3. 2012), held that a waiver of the right to pursue a FLSA claim collectively in any forum violates the National Labor Relations Act ("NLRA"). Like the Eighth Circuit, however, we decline to follow the decision in *D.R. Horton*. Even assuming that "*D.R. Horton* addressed the more limited type of class waiver present here, we still would owe no deference to its reasoning." *Owen*, 702 F.3d at 1053-54; *see also Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137, 144 (2002) ("[W]e have accordingly never deferred to the Board's remedial preferences where such preferences potentially trench upon federal statutes and policies unrelated to the NLRA."). Moreover, *In re D.R. Horton* may have been decided by the National Labor Relations Board without a proper quorum. *See Canning v. NLRB*, 705 F.3d 490, 499 (D.C. Cir. 2013) (holding that the President's "appointments [of three NLRB members] were constitutionally invalid and the Board therefore lacked a quorum"), *cert. granted*, 133 S. Ct. 2861(Mem.) (2013).

[9] In describing the "effective vindication doctrine," the Court remarked that the doctrine "originated as dictum in *Mitsubishi Motors*, where we expressed a willingness to invalidate, on 'public policy' grounds, arbitration agreements that 'operat[e] . . . as a prospective waiver of a party's *right to pursue* statutory remedies.'" *Italian Colors*, 133 S. Ct. at 2310 (quoting *Mitsubishi Motors*, 473 U.S. at 637 n.19) (alterations and emphasis in original). The Court went on to note that although "[s]ubsequent cases have similarly asserted the existence of an 'effective vindication' exception, . . . [all of those cases] have similarly declined to apply it to invalidate the arbitration agreement at issue." *Id.*

"prohibitively expensive" because the recovery she seeks is dwarfed by the costs of individual arbitration. *See* Sutherland Br. 26-34.

Despite the obstacles facing the vindication of Sutherland's claims, the Supreme Court's recent decision in *Italian Colors*, which reversed our decision in *In re American Express Merchants' Litigation*, 667 F.3d 204 (2d Cir. 2012) ("*Amex III*"), *see* note 2, *ante*, compels the conclusion that Sutherland's class-action waiver is not rendered invalid by virtue of the fact that her claim is not economically worth pursuing individually.

Although the "effective vindication doctrine" could be used to invalidate "a provision in an arbitration agreement forbidding the assertion of certain statutory rights . . . . [and] would perhaps cover filing and administrative fees attached to arbitration that are so high as to make access to the forum impractical," *Italian Colors*, 133 S. Ct. at 2310-11 (relying on *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 90 (2000)), plaintiffs cannot use the doctrine to invalidate class-action waiver provisions by showing that "they ha[d] no economic incentive to pursue their [FLSA] claims individually in arbitration," *id.* at 2310. In other words, "the fact that it is not worth the expense involved in *proving* a statutory remedy does not constitute the elimination of the *right to pursue* that remedy."[10] *Id.* at 2311.

Accordingly, in light of the Supreme Court's holding that the "effective vindication doctrine" cannot be used to invalidate class-action waiver provisions in circumstances where the

---

[10] The Supreme Court explained that:

> [t]he class action waiver merely limits arbitration to the two contracting parties. It no more eliminates those parties' right to pursue their statutory remedy than did federal law before its adopting of the class action for legal relief in 1938 . . . . Or, to put it differently, the individual suit that was considered adequate to assure "effective vindication" of a federal right before adoption of class-action procedures did not suddenly become "ineffective vindication" upon their adoption.

*Italian Colors*, 133 S. Ct. at 2311.

recovery sought is exceeded by the costs of individual arbitration, we are bound to conclude that Sutherland's arguments are insufficient to invalidate the class-action waiver provision at issue here.[11]

## CONCLUSION

To summarize, we hold that:

(1)  The Fair Labor Standards Act of 1938 does not include a "contrary congressional command" that prevents a class-action waiver provision in an arbitration agreement from being enforced by its terms; and

(2)  In light of the Supreme Court's recent decision in *American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304 (2013), Sutherland's argument that proceeding individually in arbitration would be "prohibitively expensive" is not a sufficient basis to invalidate the class-action waiver provision at issue here under the "effective vindication doctrine."

For these reasons, we **REVERSE** the March 3, 2011 order of the District Court, which denied defendant-appellant Ernst & Young's motion to dismiss or stay the proceedings, and to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and we **REMAND** the cause to the District Court for further proceedings consistent with this opinion.

---

[11]  We need not consider E&Y's various arguments about the cost-sharing provisions that may be available to individuals like Sutherland inasmuch as the Supreme Court rejected the use of the "effective vindication doctrine" in situations where the cost of proving a statutory remedy exceeds the remedy itself.  *See Italian Colors*, 133 S. Ct. at 2311 n.4 (rejecting the conclusion that class-action waiver was unenforceable because other forms of cost sharing were not economically feasible).