13-4868-cv
*Sutherland v. E&Y*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand and fifteen.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
STEPHANIE SUTHERLAND, on behalf of herself and all others similarly situated,
> *Plaintiff-Appellant,*

-v.-                                                                No. 13-4868-cv

ERNST & YOUNG, LLP,
> *Defendant-Appellee.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**              Max Folkenflik, Folkenflik & McGerity LLP, New York, New York.

**FOR DEFENDANT-APPELLEE:**              Daniel L. Nash, Akin Gump Strauss Hauer & Feld LLP, Washington D.C., Rex S. Heinke, Gregory W. Knopp, Akin Gump Strauss Hauer & Feld LLP, Los Angeles, California.

Appeal from a November 22, 2013 order of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 22, 2013 order of the District Court is **AFFIRMED.**

Appellant Stephanie Sutherland appeals from the District Court's dismissal of her case, following remand from this Court, in *Sutherland v. Ernst & Young* LLP, 726 F.3d 290 (2d Cir. N.Y. 2013). Sutherland filed this case on April 20, 2010, alleging two causes of action based on Ernst & Young LLP's ("Ernst & Young")'s alleged misclassification of her and other employees under the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) and New York Labor Laws (12 N.Y.C.R.R. § 142-2.2). Ernst & Young answered the complaint on May 19, 2010, and filed its motion to compel arbitration, pursuant to the terms of Sutherland's employment agreement, on August 20, 2010.

## DISCUSSION

We review a district court's decision regarding waiver of a party's right to arbitrate *de novo*. *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 104 (2d Cir. 2002).

The appeal turns on whether Ernst & Young waived its right to demand arbitration. In determining whether a party has waived its right to arbitration by expressing its intent to litigate the dispute in question, we consider the following three factors: "(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice." *La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith*, 626 F.3d 156, 160 (2d Cir. 2010). "The key to a waiver analysis is prejudice. Waiver of the right to compel arbitration due to participation in litigation may be found only when prejudice to the other party is demonstrated." *Thyssen,* 310 F.3d at 105 (internal quotation marks and brackets omitted).

This Court has recognized two types of prejudice: substantive prejudice and prejudice due to excessive cost and time delay. *Id.* "Prejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration, or it can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense." *Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir. 1991). This Court "has refused to find waiver in a number of cases where delay in trial proceedings was not accompanied by substantial motion practice or discovery." *See Thyssen*, 310 F.3d at 105 (collecting cases).

Sutherland argues that she has been substantively prejudiced by Ernst & Young's "procedural gamesmanship." But Sutherland must demonstrate how any gamesmanship

2

disadvantaged her in the litigation. She fails to do so. Sutherland also fails to present any other argument as to how she has been prejudiced by Ernst & Young's failure to demand arbitration in a more timely manner.

The facts before us are uncomplicated. Plaintiff filed her case in April 2010 and Ernst & Young filed its motion to dismiss or compel arbitration four months later. No substantial motion practice or discovery was undertaken by either party during that time period. Accordingly, Ernst & Young cannot be said to have waived its right to compel arbitration.

## CONCLUSION

For the foregoing reasons, the November 22, 2013 order of the District Court is **AFFIRMED.**

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court