14-913-cv
*In-City Enters., Inc. v. Local Union 580 of the Int'l Ass'n of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand and fifteen.

Present:     Peter W. Hall,
             Raymond J. Lohier, Jr.,
                      *Circuit Judges*,

             Jeffrey Alker Meyer,
                      *District Judge*.[*]

_____

In-City Enterprises, Inc.,

                      *Plaintiff-Appellant*,

         v.                                      No. 14-913-cv

Local Union 580 of the International Association of Bridge,
Structural Ornamental and Reinforcing Iron Workers, AFL-CIO,
and Trustees of Local 580 Association of Bridge, Structural, Ornamental and Reinforcing Iron
Workers Employee Benefit Funds,

                      *Defendants-Appellees*.

_____

---

[*] Hon. Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

1

FOR APPELLANT:                    ALEXANDER A. MIUCCIO and GREGORY J. SPAUN, Welby, Brady & Greenblatt, LLP, White Plains, NY.

FOR APPELLEES:                    STEVEN C. FARKAS, Colleran, O'Hara & Mills LLP, Woodbury, NY.

_____

Appeal from the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff In-City Enterprises, Inc. ("plaintiff" or "In-City") appeals the district court's grant of summary judgment in favor of defendants, denying plaintiff's requests for a stay of arbitration and for a declaratory judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. Because we agree with the district court's conclusion, albeit for significantly different reasons, the judgment of the district court is hereby affirmed. *See Sudler v. City of New York*, 689 F.3d 159, 168 (2d Cir. 2012) ("We may affirm on any ground supported by the record.").

"[W]hether parties have agreed to 'submi[t] a particular dispute to arbitration' is typically an 'issue for judicial determination.'" *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010) (citations omitted). We review the district court's arbitrability determination *de novo*. *See Alliance Bernstein Inv. Research & Mgmt., Inc. v. Schaffran*, 445 F.3d 121, 124–25 (2d Cir. 2006) (collecting cases).

The arbitral language in this case is contained in the collective bargaining agreement (the "CBA") of defendant Local Union 580 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO (the "Union"). The CBA provides for arbitration in two places. In Section XXII, subsections (a) and (c), it provides that

"[a]ny grievance, complaint, or dispute between the Union and the Employer arising out of this Agreement, or as to the meaning, interpretation, application or alleged violation of any provision or provisions of this Agreement" that cannot be resolved by the parties or their designees "shall be submitted for final and binding determination" to an impartial arbitrator.  In Section XXIX, subsection (g), the CBA further provides that "[i]n the event a dispute arises regarding the meaning, interpretation, application, or alleged violation of the Employer's obligations . . . in connection with any of the provisions of" the CBA's audit requirements, "such dispute shall be submitted to . . . [an] Impartial Arbitrator."

All parties agree that plaintiff became bound by the CBA, at least with regard to two Union members working on a particular project at the Ridgewood Reservoir in Queens, New York (the "Ridgewood Contract"), when it entered into a jobsite agreement (the "jobsite agreement") with the Union.  The jobsite agreement provided, in its entirety, as follows:

### JOBSITE AGREEMENT

It is hereby agreed by and between Ironworkers Local #580 and In-City Enterprises, Inc. that the aforesaid contract hereby recognized Ironworkers Local #580 as representative on the following jobsite:

**Ridgewood Reservoir in Highland Park
Contract No. Q020–109M**

and agrees to be bound by and honor the Ironworkers Local #580 of New York Collective Bargaining Agreement including, without limitation, the payment of wage and fringe benefit contributions contained therein for the duration of the time work is performed at the above mentioned jobsite.

Local #580 and In-City Enterprises, Inc. agree herein that this agreement is given in consideration of the limited work activity of the employer in Local #580's work jurisdiction, that this jobsite agreement is given on a one time only basis, and that any work performed in the jurisdiction of Local #580 inside of the above referenced jobsite subjects this employer to the Local #580 Collective Bargaining Agreement in effect this date.

In-City argues that it cannot be compelled to arbitrate a "dispute concerning [its] failure to submit to an audit for the period January 1, 2010 through March 31, 2013 to determine

3

whether [it] has made the proper contributions due to the Local Union 580 Funds in accordance"

with the CBA, Arbitration Notice, on the grounds that the auditors demanded documents

pertaining to locations and time periods beyond the scope of the work performed pursuant to the

Ridgewood Contract. In-City's position is that the jobsite agreement bound it to the CBA only

for purposes of the Ridgewood Contract and therefore the CBA cannot bind it as to other

contracts or time periods.[1] Even were we to accept this argument, it would not follow that In-

City could not be compelled to arbitrate the issue of whether, by refusing to disclose documents

covering other time periods and contracts, it was in violation of its contractual obligations with

respect to the work performed pursuant to the Ridgewood Contract.

Section XXIX, subsection (d) of the CBA, to which In-City is bound at least with respect

to the work performed pursuant to the Ridgewood Contract, expressly provides for an audit

procedure regarding fund contributions. In particular, with regard to audits to ensure that proper

contributions are being made to funds,

> The Employer shall make available to the auditors . . . any and all records which, in the
> discretion of the [Benefit Fund Trustees], may be required in connection with the sound
> and efficient operation of said Funds or to determine whether the Employer has made the
> contributions it is obligated to make pursuant to this Agreement. . . . Failure of the
> Employer to make records available to the auditor shall constitute a breach of this
> Agreement . . . .

This language appears to provide the Union's auditors the authority to inspect any documents the

Union deems relevant, regardless of the location of the work performed or the time period in

which the work was performed, and to require employers to make such documents available for

---

[1] The district court found this argument unavailing. We do not reach it, however, and express no
views with respect to it.

inspection.[2]  It also provides a basis for In-City's argument that only those documents relating to

work performed pursuant to the Ridgewood Contract were required to be turned over to the

Union's auditors.  We express no view as to whether all or any of the particular documents

sought by the auditors are properly subject to inspection pursuant to the CBA and leave that

determination to the arbitrator in the first instance.  Moreover, "it may be said with positive

assurance that the arbitration clause[s]" contained in the CBA are "susceptible of an

interpretation that covers" disputes about audit procedures, including those relating to what

documents must be disclosed pursuant to an audit.  *Ragone v. Atl. Video at the Manhattan Ctr.*,

595 F.3d 115, 120 (2d Cir. 2010) (quoting *Roby v. Corp. of Lloyd's*, 966 F.2d 1353, 1361 (2d

Cir. 1993) (internal quotation marks omitted)).  Indeed, as noted, Section XXIX, subsection (g)

of the CBA expressly contemplates that such disputes be submitted to arbitration.  The district

court, therefore, properly dismissed plaintiff's complaint seeking to prevent arbitration under that

provision.  *See Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 296 (2d Cir. 2013) (per curiam)

("[T]he [Supreme] Court recently reminded lower courts to 'rigorously enforce arbitration

agreements according to their terms, including terms that specify with whom [the parties] choose

to arbitrate their disputes, and the rules under which that arbitration will be conducted.'"  (third

alteration in original) (emphasis omitted) (quoting *Am. Express Co. v. Italian Colors Restaurant*,

133 S. Ct. 2304, 2309 (2013))).

---

[2] At oral argument the Union agreed that In-City could argue at arbitration that the audit was limited to documents relating to the Ridgewood Contract and that the issue should be resolved by the arbitrator.

We have considered all of In-City's remaining arguments and find them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk