Curran, Dennis J., J.
The defendants MasTec North America, Inc., Jose R. Mas, George L. Pita, and Christopher Tremblay, have filed a motion to compel arbitration, to dismiss, and to stay discovery. They assert that Mr. Francis Neaiy’s claim is subject to final and binding arbitration under a Dispute Resolution Policy executed among the parties and that therefore, his claim may not proceed in this Court.
For the reasons that follow, the defendants’ motion must be ALLOWED.
FACTUAL BACKGROUND
On April 14, 2014, Mr. Neaiy started working as an installer with MasTec, a Florida corporation. His main responsibility was to install home security and control systems in AT&T customer homes. However, his workday began much earlier than when he arrived at a customer’s home. Each morning at 6:30 AM, Mr. Neary was required to activate a MasTec-issued iPad which contained a list of his scheduled appointments for the day and the necessary information about those appointments. He was then required to transfer the information from the iPad to a MasTec-issued notebook. After transferring the information, Mr. Neary was required to verify by text message the first appointment of the day with his local managers, Julien DuPont, Joe Massie, and Eli Anderson. Only after receiving verification could Mr. Neary proceed to his first appointment of the day. The verification process usually took at least thirty-five to forty-five minutes. MasTec did not compensate Mr. Neary for any of this work.
Mr. Neary raised the issue of compensation for this work with MasTec, which informed him that he was a “self-dispatched employee,” and as such, not required to be compensated for any work performed before 8:00 AM, the first scheduled appointment for the day. Thereafter, Mr. Neary informed his local managers that he had spoken to an attorney regarding MasTec’s practices. MasTec terminated Mr. Neary’s employment on May 22, 2015.
On May 12, 2014, shortly after beginning his employment with MasTec, Mr. Neary had signed MasTec’s Dispute Resolution Policy. That Policy required that “any dispute arising out of, or related to, [the ejmployee’s employment with or termination of employment with MasTec, Inc.” be submitted to final and binding arbitration. The Policy allows for the parties “to conduct civil discovery, bring dispositive motions and present witnesses and evidence” in the arbitration proceeding. It also includes a class action waiver, preventing employees from bringing a collective action against MasTec in arbitration. Furthermore, the Policy stated that the class action waiver was not severable *333 from the entire agreement. Employees were allowed to opt out of the Policy by submitting an “Opt Out” form with MasTec’s Legal Department within thirty days of the employee’s receipt of the Policy. Mr. Neaiy did not submit an “Opt Out” form.
After his termination, Mr. Neaiy filed a complaint with the Office of the Attorney General’s Fair Labor Division which, after review, authorized him to pursue his case against Mastec through a “private right of action.” On September 3,2015, Mr. Neaiy commenced this action under G.L.c. 149 and 151 for the unpaid overtime wages owed to him and other employees and under G.L.c. 149 for retaliation. He also alleges a theoiy of unjust enrichment.
DISCUSSION
In determining whether to grant a motion to compel arbitration, the Massachusetts Arbitration Act governs the procedures to be applied, while the Federal Arbitration Act and substantive federal law govern the actual agreement between the parties. McInnes v. LPL Fin., LLC, 466 Mass. 256, 262 (2013).
G.L.c. 251, §2(b) provides that issues regarding arbitration proceedings must be summarily determined. In interpreting the statute, the Supreme Judicial Court has stated that a motion to compel arbitration should be treated similarly to a motion for summary judgment. Miller v. Cotter, 448 Mass. 671, 678 (2007). Therefore, the moving party, here, MasTec, bears the burden of proving that the material facts are established and that it is entitled to arbitration as a matter of law. Barrow v. Dartmouth House Nursing Home, Inc., 86 Mass.App.Ct. 128, 131 (2014).
The Federal Arbitration Act states that “[a] written provision in ... a contract evidencing a transaction ... to settle by arbitration a controversy thereafter arising out of such contract. . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.” 9 U.S.C. §2 (2012). Therefore, a motion to compel arbitration should be granted where the party seeking to compel arbitration establishes that: 1) a valid agreement to arbitrate exists; 2) the moving party is entitled to invoke the arbitration clause; 3) the other party is bound by that clause; and 4) the claim asserted comes within the clause’s scope.[1] Campbell v. Gen. Dynamics Gov’t Sys. Corp., 407 F.3d 546, 552 (1st Cir. 2005). In determining whether a valid agreement to arbitrate exists, the court must look towards the relevant contract law of the state. Perry v. Thomas, 482 U.S. 483, 492 n.9 (1987). Therefore, an arbitration agreement may be invalidated by generally applicable contract defenses, such as fraud, duress, or uncon-scionability. McInnes, 466 Mass. at 796.
In support of its motion to compel arbitration, MasTec proffers the Policy signed by Mr. Neary at the start of his employment. It alleges that by signing the Policy, he agreed to all of its terms and conditions. Viewing the facts in the light most favorable to Mr. Neary, the Policy constitutes a valid and enforcement agreement to arbitrate “any dispute arising out of, or related to, [his] employment with or termination of employment with MasTec ...” Directly above Mr. Neaiy’s signature, the Policy states: “I understand and agree that the Alternative Dispute Resolution Policy is the full and complete policy relating to the formal resolution of employment-related disputes.” Therefore, by signing the Policy, Mr. Neary regrettably agreed to all of the MasTec’s terms. Furthermore, Mr. Neaiy’s continued employment with MasTec constituted the consideration necessaiy to support the agreement. See O’Brien v. New England Tel. & Tel. Co., 422, Mass. 686, 691 (1996) (“An employee remaining with the employer after receiving a manual provides the consideration necessaiy to support the contract”).
Mr. Neaiy does not argue that his claim is not within the scope of the Policy or that the agreement is invalid due to fraud, duress, unconscionabilily, or any other generally applicable contract defenses. Instead, he argues that the Policy is invalid and unenforceable because MasTec retaliated against him and because the class action waiver restricts his right to pursue collective action under section 7 of the National Labor Relations Act.
First, Mr. Neary argues that because MasTec terminated his employment after he raised the overtime compensation issue, the class action is unenforceable. Therefore, because the class action waiver is not sev-erable from the rest of the Policy, the entire Policy, including the arbitration agreement, is unenforceable. However, no Massachusetts court has held that retaliation by an employer by itself invalidates an arbitration agreement. In fact, the Supreme Judicial Court has allowed a motion to compel arbitration where the plaintiff alleged that her employer retaliated and discriminated against her. Joule, Inc. v. Simmons, 459 Mass. 88, 100 (2011). Indeed, a Massachusetts federal court has allowed a motion to compel arbitration where the plaintiff alleged that his employer retaliated against him. Barrasso v. Macy’s Retail Holdings, Inc., No. 1:15-CV-13098-ADB, 2016 WL 1449567, at *6-9 (D.Mass. Apr. 12, 2016).
Second, Mr. Neaiy argues that the class action waiver restricts his right to pursue collective action under section 7 of the National Labor Relations Act. He again argues that because the class action waiver is unenforceable, so too is the entire Policy. His argument is based on the National Labor Relations Board’s decision in In re D.R. Horton, Incorporated. In that case, the NLRB held that “employers may not compel employees to waive their NLRA right to collectively pursue litigation of employment claims in all forums, arbitral and judicial.” In re D.R. Horton, Incorporated, 357 N.L.R.B. No. 184, 2012 WL 36274, at *16 (Jan. 3, 2012). Furthermore, the NLRB stated that “[s]o long as the employer leaves open a judicial forum for class *334 and collective claims, [the] employees’ NLRArights are preserved without requiring the availability of class-wide arbitration.” Id. However, the NLRB’s decision in that case directly contradicts the United States Supreme Court’s decisions in AT&T Mobility, LLC v. Concepcion and American Express Company v. Italian Colors Restaurant In those cases, the Supreme Court held that the existence of a class action waiver prohibits a court from invalidating an arbitration agreement. See Am. Express Co. v. Italian Colors Rest., 133 S.Ct. 2304, 2308-12 (2013); AT&T Mobility, LLC v. Concepcion, 563 U.S. 333, 352 (2011). Additionally, the Fifth Circuit later reversed the NLRB’s decision in Horton. D.R. Horton, Inc. v. NLRB, 737 F.3d 344, 360-62 (5th Cir. 2013). The majority of federal courts have also declined to follow the NLRB’s decision. E.g., Sutherland v. Ernst & Young LLP, 726 F.3d 290, 297 n.8 (2d Cir. 2013); Owen v. Bristol Care, Inc., 702 F.3d 1050, 1053-55 (8th Cir. 2013). In any case, this is not a situation where Horton would apply, as the Policy, notwithstanding any other provision in the agreement, allows for administrative claims to be brought before the NLRB, thereby leaving open Mr. Neaiy’s ability to pursue litigation of his employment claims before that administrative agency.
ORDER
For these reasons, it is hereby ORDERED that defendant MasTec’s motion to compel arbitration be ALLOWED. The parties shall select an arbitrator and an arbitration date within thirty (30) days of the date of this Order and advise the Court by joint affidavit as to when the arbitration will take place. Under G.L.c. 251, §2(d), this action must be stayed pending arbitration.

 Only the validity of the arbitration agreement will be addressed, because Mr. Neary’s sole argument is that the class action waiver renders the entire agreement unenforceable.